DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **FLAGSTAR BANK, FSB,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 2012-0019 |
| **SHAWN E. ROBERTS, SR.** and **BEVERLY ROBERTS,** | ) |
| **Defendants.** | ) |

**Attorneys:**
**A. Jennings Stone, Esq.,**
St. Thomas, U.S.V.I.
 *For Plaintiff*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Motion for Default Judgment" filed by Plaintiff Flagstar Bank, FSB ("Flagstar") against Defendants Shawn E. Roberts, Sr. and Beverly Roberts (collectively, the "Robertses"). (Dkt. No. 13). For the reasons discussed below, the Court will grant Plaintiff's Motion for Default Judgment.

## BACKGROUND

On April 12, 2012, Flagstar filed a First Amended Complaint against the Robertses, alleging causes of action for debt and foreclosure of real property mortgage. (Dkt. No. 6). Flagstar asserts that the Robertses are titleholders of record to real property ("the Property"), and defaulted on a Promissory Note and on a Mortgage regarding that Property, which is described in the Warranty Deed as:

> Plot No. 862 Estate Williams Delight, Prince Quarter, St. Croix, U.S. Virgin Islands, consisting of 0.2436 U.S. acres, more or less, as more fully shown on

>OLG Drawing No. 3160, dated October 29, 1973, last revised November 30, 1973.

(Deed, Dkt. No. 14-1). The Amended Complaint alleges that, on August 27, 2009, Shawn E. Roberts, Sr. ("Roberts") executed and delivered to Ramber Corp. ("Ramber") a promissory note (the "Note"), which obligated him to pay the principal amount of $174,080.00, together with interest at a rate of 6.000% per annum, in consecutive monthly installments of $1,043.70 beginning October 1, 2009. (Am. Compl. ¶¶ 7-8, Dkt. No. 6). To secure payment on the Note, the Robertses granted to Ramber and Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Ramber and its successors and assigns, a first priority mortgage dated August 27, 2009 over the Property (the "Mortgage"), which provided that the Robertses would pay to Flagstar the payments due under the Note. *Id.* ¶¶ 9-10.

The Amended Complaint further alleges that, on or about October 1, 2011, Roberts defaulted under the terms and conditions of the Note and the Robertses defaulted under the terms and conditions of the Mortgage, in that monthly installments of principal and interest became due and were not paid; that Flagstar gave notice of default to Roberts by correspondence dated December 15, 2011, advising him that failure to cure the default would result in acceleration of the debt and foreclosure of the mortgage lien; and that, as of the date of the Complaint, the default had not been cured. *Id.* ¶¶ 11-15. On February 3, 2012, MERS—for itself and as nominee for Ramber—assigned its entire interest in the Property to Flagstar (the "MERS Assignment"). *Id.* ¶ 17.

As to the debt cause of action, the Amended Complaint provides that Roberts owes Flagstar the sum of $169,672.64 in unpaid principal balance, plus costs, fees and interest. *Id.* ¶ 20. Flagstar further asserts that, under the terms of the Mortgage, it is entitled to be reimbursed for any insurance premiums, taxes, or other charges that it pays with regard to the Property, and

that under the terms of the Note and Mortgage, it is entitled to be reimbursed for reasonable attorney's fees and other expenses it has incurred to enforce payment of the Note or incidental to foreclosure of the Property. *Id.* ¶¶ 22, 23.

With regard to the foreclosure cause of action, the Complaint provides that Flagstar has possession of the Note and is the holder of the Mortgage, allowing it to maintain the foreclosure action; that Roberts is in default under the terms and conditions of the Note, and that the Robertses are in default under the terms and conditions of the Mortgage; and that Flagstar is entitled to foreclose its lien on the Property, sell the Property to satisfy the Note, and recover any deficiency from Roberts. *Id.* ¶¶ 26-28.

The Robertses were personally served with a copy of the Summons and Complaint on May 15, 2012. (Dkt. Nos. 7, 8). They have neither answered the Complaint nor appeared in this action. On October 23, 2012, Flagstar filed an Application for Entry of Default against the Robertses (Dkt. No. 9) and a Corrected Proposed Entry of Default on March 7, 2013. (Dkt. No. 11). The Clerk of Court entered default against both Defendants on March 12, 2013. (Dkt. No. 12).

On August 19, 2013, Flagstar filed its Motion for Default Judgment (the "Motion") (Dkt. No. 13), along with a Memorandum of Law in Support of Motion for Default Judgment (Dkt. No. 14); an Affidavit of Indebtedness (Dkt. No. 15); and a Declaration of Counsel in Support of Costs and Attorney's Fees. (Dkt. No. 16). In its Memorandum of Law, Flagstar argues that the procedural elements for default judgment have been satisfied because: the Robertses were properly served with copies of the Summons and Complaint; the Clerk entered default against them; and they are not infants or incompetent persons, nor in the military service. (Dkt. No. 14 at 6). Flagstar further contends that the pleadings in this action provide a sufficient basis for entry

of default judgment on the merits of its claims, as the documentation shows that title to the Property is held by the Robertses; Roberts executed the Note and the Robertses executed the accompanying Mortgage; Flagstar has possession of the original Note and is holder of the Mortgage in its own right and by way of the MERS Assignment; Roberts defaulted under the terms of the Note and the Robertses defaulted under the terms of the Mortgage; Flagstar gave Roberts proper notice of the default and he failed to cure that default; and Flagstar elected to accelerate the amounts due and owing upon default, and foreclose on the Property. *Id.* at 6-7. In addition, Flagstar asserts that it has demonstrated its entitlement to default judgment under the factors set forth in *Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000). *Id.* at 7-10.

In support of the Motion, Plaintiff filed an Affidavit of Indebtedness, signed by Serge Alexis, a Flagstar Foreclosure Analyst, who explained how the Bank's document management system keeps track, and maintains records, of debit and credit transactions related to the Mortgage and original Note. (Dkt. No. 15, ¶¶ 3-8). The Affidavit sets forth the amounts due and owing through June 30, 2013: $169,672.64 in unpaid principal balance; interest from September 1, 2011 through June 30, 2013 of $18,624.41; escrow advances of $5,214.60, consisting of property insurance and property tax payments; accumulated late fees of $1,137.00; inspections or other property preservation fees of $302.50; for a total amount due of $194,951.15. *Id.* ¶¶ 10-13. Mr. Alexis asserts that interest accrues at the per diem rate of $27.89. *Id.* ¶ 14. He also states that, based on the information he reviewed in connection with the loan, he had no information indicating that the Robertses were either minors or incompetent. In addition, pursuant to an investigation conducted on June 20, 2013 using official online resources provided by the Department of Defense's Manpower Data Center, there was no record that the Robertses were active members of the military service. *Id.* ¶ 16, Dkt. No. 15-8.

4

In the Declaration of Counsel in Support of Costs and Attorney's Fees, Flagstar's Counsel, A. Jennings Stone, Esq., averred that he, as a Senior Associate Attorney, billed $250.00 per hour on this matter, and that paralegals Carol Hart and Lola Pierre billed $125.00 per hour. (Dkt. No. 16). He attached a memorandum of costs showing that the total time spent on this matter was 10.25 hours through August 16, 2013; that the total amount of attorney's fees incurred was $1,902.50; and that the total amount of costs expended was $752.96. *Id.*; Dkt. No. 16-1.

## APPLICABLE LEGAL PRINCIPLES

In an application for an entry of default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Fed. R. Civ. P. 8(b)(6). Legal conclusions, however, are not deemed admitted, nor are the extent and amount of damages claimed by a party. *See DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005); Fed. R. Civ. P. 8(b)(6). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951).

An application for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemember's] Civil Relief Act.

*Bank of Nova Scotia v. Abdallah,* 2013 WL 5312399, at *5 (D.V.I. Sept. 23, 2013) (quoting *Idewu v. Sealey*, 2012 U.S. Dist. LEXIS 36783, at *6 (D.V.I. Mar. 19, 2012)); *see also* Fed. R. Civ. P. 55(b); *Island Yacht Charters, Inc. v. Malgaglio,* 2009 WL 1507406, at *1 (D.V.I. May

28, 2009). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *Chamberlain*, 210 F.3d at 164 (citing *United States v. $55,518.05 in U.S. Currency*, 528 F.2d 192, 195 (3d Cir. 1984)).

## ANALYSIS

### A. Default Judgment

Flagstar has satisfied all of the requirements necessary to obtain a default judgment against the Robertses. It has shown that: (1) default was entered against the Robertses by the Clerk of Court (Dkt. No. 12); (2) the Robertses have not appeared; (3) the Robertses are neither infants nor incompetent persons (Dkt. No. 15, ¶ 16); and (4) the Robertses were validly served with process. (Dkt. Nos. 7, 8). In addition, Flagstar provided copies of two Military Status Reports from the Department of Defense Manpower Data Center showing that the Robertses are not in the military service as defined in the Servicemember's Civil Relief Act, 50 App. U.S.C. §§ 501 *et seq.* (Dkt. No. 15-8). Flagstar has also shown with specificity how it calculated the amount of the judgment. (Dkt. No. 15).

Finally, the Court has considered the *Chamberlain* factors and finds that the prejudice to Flagstar resulting from the Robertses' breach of their contractual obligations, together with the apparent absence of a litigable defense, weighs in favor of the Court granting default judgment. In addition, the Robertses' default was a result of their culpable conduct as evidenced by their refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal

communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint). Consequently, default judgment is appropriate.

### B. Attorney's Fees and Costs

Title 5 of the Virgin Islands Code, Section 541(b), governs the award of attorney's fees in the Virgin Islands. The statute states, in pertinent part: "The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties . . . ." 5 V.I.C. § 541(b).

Under both the terms of the Note and Mortgage, the Bank may recover "reasonable" attorney's fees. (Dkt. No. 15-1, ¶ 6(E); Dkt. No. 15-2, ¶ 19). The Court will look to the body of case law interpreting 5 V.I.C. § 541(b) for guidance in assessing what attorney's fees may be "reasonable." *Flagstar Bank, FSB v. Stridiron*, 2013 WL 5941298, at *6 (D.V.I. Oct. 31, 2013).

"To determine a fair and reasonable award of attorneys' fees [under § 541(b)], the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation." *Staples v. Ruyter Bay Land Partners, LLC*, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008) (citing cases). The Court undertakes a two-step inquiry when examining the reasonableness of attorney's fees. First, the Court determines whether the hours billed were "reasonably expended," excluding time billed that is "excessive, redundant, or otherwise unnecessary." *Berne Corp. v. Gov't of Virgin Islands*, 2012 WL 369535 at *10 (D.V.I. Feb. 3, 2012) (quoting *Pub. Interest Research Group of N.J., Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995)). Second, the Court determines whether the hourly rate sought is reasonable, in comparison to prevailing market rates in the relevant community "for similar services by lawyers of reasonably comparable skill, experience, and

reputation." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990); *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001); *Berne Corp.*, 2012 WL 369535 at *10.

Flagstar seeks $1,902.50 in attorney's fees as compensation for 10.25 hours of work billed in this matter. The Court finds that the number of hours billed was reasonable in this run-of-the-mill default judgment debt and foreclosure case. *See, e.g., Nationstar Mortgage, LLC v. Wilcox,* 2013 WL 3376719, at *5 (D.V.I. July 5, 2013) (awarding $3.337.50 in attorney's fees where counsel spent a total of 13.85 hours on the case).

With regard to the second step of assessing the reasonableness of attorney's fees—whether the hourly rate sought is reasonable—Virgin Islands courts "have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour." *Anthony on Behalf of Lewis v. Abbott*, 2012 WL 2752154, at *3 (D.V.I. July 9, 2012) (citing cases). Flagstar has also provided affirmations from three Virgin Islands attorneys who aver that the typical hourly rate charged by attorneys in the Virgin Islands is between $250.00 and $300.00 per hour. (Dkt. Nos. 14-3, 14-4, 14-5). The Court therefore concludes that the $250.00 per hour rate charged by Flagstar's attorney is reasonable and falls within the scope of rates for such services. (Dkt. No. 16).

Based on the foregoing, the Court concludes that the $1,902.50 sought in attorney's fees is reasonable and will be awarded by the Court.

With regard to costs, under the terms of the Mortgage, the Robertses agreed to "pay[] all expenses incurred in enforcing this Security Instrument. . ." (Dkt. No. 15-2, ¶ 19). The Court infers that in order for costs to be reimbursed, they must be reasonable. *Cf. Lewis v. Mazda Motor of Am.,* 2012 U.S. Dist. LEXIS 180222, at *7 (D.V.I. Dec. 20, 2012) (awarding reasonable costs in discovery dispute); *Galt Capital, LLP v. Seykota*, 2007 WL 4800135, at *3 (D.V.I. Dec.

20, 2007) (opining that Virgin Islands fee-shifting statute governing the award of attorney's fees and costs permits reimbursement for reasonable fees and costs). The Bank is seeking reimbursement of $752.96 for the following costs: title search, recording fees, on-line search on Accurint (People/Business search), title search, filing fees for Complaint, recording fees, postage, and process server. (Dkt. No. 16-1). The Court finds that these costs are reasonable, and—pursuant to the plain language of the Mortgage contract—will award costs in the amount of $752.96.

## CONCLUSION

Flagstar has satisfied the requirements necessary for entry of a default judgment against Shawn E. Roberts, Sr. and Beverly Roberts. Accordingly, Plaintiff's Motion for Default Judgment (Dkt. No. 13) will be granted. The Court will award a total of $2,655.46 in attorney's fees and costs.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: February 25, 2014 _____/s/_____
WILMA A. LEWIS
Chief Judge